IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Tarek El Hadidi, | Civil Action No.: 4:12-cv-00535-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| Intracoastal Land Sales, Inc., ABC-XYZ (a series of fictitious corporations), and John Does 1-10, jointly and severally, and individually, | |
| Defendants. | |

This matter is before the Court after Defendant Intracoastal Land Sales, Inc. filed a renewed motion to dismiss Plaintiff Tarek El Hadidi's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Renewed Mot. to Dismiss, ECF No. 21. After reviewing Plaintiff's motion to dismiss and the parties' briefs,[1] the Court grants Defendant's motion to dismiss in part and denies it in part.

## FACTUAL HISTORY AND PROCEDURAL BACKGROUND

On June 24, 2011, Plaintiff filed a complaint in New Jersey Superior Court against Defendant and several fictitious entities and individuals. He asserted several causes of action, including (1) violations of the New Jersey Consumer Fraud Act, (2) negligent misrepresentation, (3) fraud and intentional misrepresentation; (4) unjust enrichment, (5) violations of the New Jersey Deceptive Business Practices Act, and (6) outrage (or alternatively negligent infliction of mental distress). Plaintiff alleges that, in February 2005, he received an invitation to attend a presentation

---

[1] Under Local Civil Rule 7.08 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." The Court finds a hearing is not necessary.

concerning the Waterway Palms Plantation ("the Plantation"), a subdivision of single family building lots near Myrtle Beach, South Carolina. As the broker responsible for the marketing and selling of lots at the Plantation, Defendant organized and ran the presentation, which was held on February 15, 2005, in Bridgewater, New Jersey.

In March 2005, Plaintiff allegedly traveled from New Jersey to Myrtle Beach, where he was given a tour of the planned development and a presentation on the properties available for purchase. Defendant also offered Plaintiff special incentives in an effort to facilitate a quick sale and closing. After receiving and reviewing various documents concerning the properties, including reports indicating that Defendant had received government approval to install sewers, Plaintiff purchased two undeveloped lots. Plaintiff then allegedly retained a private builder to develop the lots. When Plaintiff returned to the Plantation in September 2005, he observed the "property was not being developed in a manner consistent with the schedule that was represented" to him. Compl. ¶ 20. Plaintiff later discovered that "at the time of the presentation[,] Defendant[] had not yet obtained the necessary government approvals to install the sewers." *Id.* at ¶ 21.

Plaintiff's causes of action, thus, are based primarily on the alleged misrepresentations by Defendant contained in property reports it furnished to Plaintiff in March 2005, when Plaintiff visited the property in South Carolina. After the action was removed to the United States District Court for the District of New Jersey, Defendant, in addition to moving to dismiss all of Plaintiff's claims, moved alternatively to transfer the action to this Court. The New Jersey district court granted the motion to transfer and declined to dismiss all but one of Plaintiff's claims.[2] Now that

---

[2] Pursuant to the order of United States District Judge Joel A. Pisano, Plaintiff's claim under the New Jersey Deceptive Business Practices Act, N.J. Stat. Ann. § 2C:21-7, was dismissed because "there [was] nothing in the Act or its legislative history that provides for a private cause of action." February 24, 2012 Order 4, ECF No. 17.

2

the case is before this Court, Defendant renews its motion to dismiss pursuant to Rule 12(b)(6) and reasserts its arguments. The Court addresses those arguments in turn.

### RULE 12(B)(6) STANDARD

Rule 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." The purpose of such a motion is to test the sufficiency of a plaintiff's complaint. *See Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While this standard "does not require 'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Rather, to survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Walters*, 684 F.3d at 439 ("[W]hile a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.' " (quoting *Twombly*, 550 U.S. at 570)). Finally, when ruling on a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A defendant's statute of limitations affirmative defense can be raised in a 12(b)(6) motion to defense; however, it is seldom appropriate to do so. "A motion under Rule 12(b)(6) is intended to test the legal adequacy of the complaint, and not to address the merits of any affirmative defenses." *Richmond, Fredricksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993).

3

Accordingly, a statute of limitations defense must "clearly appear[] on the face of the complaint." *Id.* In other words, the complaint must clearly "allege all facts necessary to the affirmative defense." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (citing *Forst*, 4 F.3d at 250).

## DISCUSSION

In its renewed motion to dismiss Plaintiff's complaint, Defendant contends that all but one of Plaintiff's claims are barred by South Carolina's three-year statute of limitations. Additionally, Defendant argues that Plaintiff insufficiently alleges a claim for outrage (or alternatively negligent infliction of emotional distress). Defendant maintains that its statute of limitations argument turns on a determination by the Court of (1) whether South Carolina law or New Jersey law governs Plaintiff's claims and (2), if South Carolina law applies, whether Plaintiff filed his action within the three-year period after he knew or should have known he had a cause of action. On the other hand, Plaintiff, who argues for the application of New Jersey law, contends that no conflict of state law exists because Plaintiff's claims are not barred by either state's statute of limitations.

Specifically, Plaintiff points to South Carolina's discovery rule, arguing that he "neither knew nor had any reason to know of his claims until" May 6, 2009.[3] Pl.'s Memo. in Opp'n 4. The possibility, however, that Plaintiff may have *discovered* Defendant's alleged misrepresentations—such that he can satisfy South Carolina's three-year statute of limitations—does not reconcile the clear conflict between South Carolina's and New Jersey's statutes of limitations. Indeed, the parties do not dispute that New Jersey's statute is six years and South Carolina's is three.

However, for the purposes of this Rule 12(b)(6) motion before the Court, in which Defendant's argument for dismissal of Plaintiff's fraud, misrepresentation, and unjust enrichment

---

[3] Plaintiff did not allege the May 6, 2009, date in his complaint and raises it for the first time in his response to the motion to dismiss. The Court, however, in ruling on a motion to dismiss filed under Rule 12(b)(6), may only look to the allegations of the complaint. Accordingly, the Court will not consider any additional facts that were not alleged in the complaint.

4

claims is based solely on South Carolina's statute of limitations, the Court need not conduct a conflict of laws analysis at this time. Instead, the Court finds Plaintiff makes no allegation of fact in his complaint that would make it clear to the Court *when* he allegedly discovered he had such claims. As such, even if South Carolina's tort law applied, Plaintiff's claims may still be available as a result of South Carolina's discovery rules. *See* S.C. Code Ann. § 15-3-530(7) (providing a three-year limitation on actions "for relief on the ground of fraud . . . , the cause of action in the case not considered to have accrued until the discovery by the aggrieved party of the facts constituting the fraud"); S.C. Code Ann. § 15-3-535 (providing that "all actions initiated under Section 15-3-530(5) must be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action").

In other words, under either New Jersey or South Carolina law, Plaintiff's allegations do not require dismissal of his claims as time-barred at this stage of the case. Plaintiff here alleges that Defendant made representations in property reports that it had received government approval to install sewers when it had in fact not. It is unclear from Plaintiff's allegations in his complaint when he actually discovered that the representations were false, and failure to allege such a fact is not fatal to a claim for fraud, misrepresentation, or unjust enrichment. Failure to allege a date of discovery does, however, preclude a defendant from raising an affirmative defense in a motion to dismiss under Rule 12(b)(6). *See Goodman*, 494 F.3d at 464. Therefore, the Court denies Defendant's Rule 12(b)(6) motion to dismiss Counts I through IV on statute of limitations grounds. Defendant, however, may assert the grounds again at the summary judgment stage if appropriate.

Next, Defendant moves to dismiss Plaintiff's outrage and negligent infliction of mental distress claims (Count VI), arguing that he failed to allege any outrageous conduct by Defendant, or any physical impact or severe emotional distress of Plaintiff. Defendant does not contend that

Plaintiff's claims are governed by South Carolina law, citing New Jersey tort law in its brief, and Plaintiff does not address Defendants' argument in his response to either Defendant's initial motion to dismiss or to its renewed motion. Regardless of which state's law applies, Plaintiff's claims are insufficient under both.

New Jersey courts, in claims for outrage (also known as intentional infliction of emotional distress), require a plaintiff to allege "intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe." *Buckley v. Trenton Saving Fund Soc'y*, 544 A.2d 857, 863 (N.J. 1988). The tort is established if "the defendant . . . intend[ed] both to do the act and to produce emotional distress." *Id.* The cause of action is also recognized under South Carolina law, in which a plaintiff must allege that a " 'defendant intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result from his conduct.' " *Ford v. Hutson*, 276 S.E.2d 776, 778 (S.C. 1981) (quoting *Vincnire v. Ford Motor Co.*, 401 A.2d 148, 154 (Me. 1979).

In claims for negligent infliction of emotional distress, New Jersey courts hold that it "must be reasonably foreseeable that the tortious conduct will cause genuine and substantial emotional distress or mental harm to average persons." *Decker v. Princeton Packet, Inc.*, 561 A.2d 1122, 1128 (N.J. 1989). In *Decker*, the New Jersey Supreme Court expressed a "concern over the genuineness of an injury consisting of emotional distress without consequent physical injury." *Id.* As such, it limited recovery to claims in which there exists " 'an especial likelihood of genuine and serious mental distress, arising from special circumstances, which serves as a guarantee that the claim is not spurious.' " *Id.* (citing W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 54 (5th ed. 1984)). Those "special circumstances" in New Jersey largely include situations in which "emotional distress is accompanied by physical impact, . . . [or] results in physical injury." *Id.*

6

(citing *Buckley*, 544 A.2d at 862-63); *see also Portee v. Jaffee*, 417 A.2d 521, 528 (N.J. 1980) (approving a cause of action for negligent intentional of emotional distress for bystanders). South Carolina, on the other hand, has only adopted the "bystander" theory of negligent infliction of emotional distress, in which the plaintiff, in close proximity, contemporaneously percieves the death or serious physical injury of a relative caused by defendant's negligence. *Kinard v. Augusta Sash & Door Co.*, 336 S.E.2d 465, 467 (S.C. 1985).

Here, there is no allegation that Defendant intended for Plaintiff to experience severe emotional distress or was certain any severe emotion distress would occur. Moreover, there are no allegations of physical injury or physical effects caused by Plaintiff's emotional distress, or physical injury (actual or perceived) suffered by a relative of Plaintiff. Given the implausibility of Plaintiff's conclusory claims (and the apparent abandonment of them evidenced by Plaintiff's failure to respond to Defendant's argument for dismissing them), the Court cannot find Plaintiff adequately stated claims for intentional or negligent infliction of emotional distress. Count VI of Plaintiff's complaint must, therefore, be dismissed.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's renewed motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. **IT IS FURTHER ORDERED** that Plaintiff's outrage and negligent infliction of emotion distress claims (Count VI) are **DISMISSED**.

**IT IS SO ORDERED.**

> s/ R. Bryan Harwell
> R. Bryan Harwell
> United States District Judge

February 20, 2013
Florence, South Carolina