IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Tarek El Hadidi, | Civil Action No.: 4:12-cv-00535-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| Intracoastal Land Sales, Inc., ABC-XYZ (a series of fictitious corporations), and John Does 1-10, jointly and severally, and individually, | |
| Defendants. | |

Plaintiff Tarek El Hadidi filed this action in June 2011, seeking damages arising from representations made by Defendant Intracoastal Land Sales, Inc. related to the sale of two lots in a Myrtle Beach, South Carolina, development. Defendant moved to dismiss Plaintiff's claims on the basis that they were not filed within South Carolina's statute of limitations. This Court denied Defendant's motion. Defendant now moves to bifurcate Plaintiff's deposition.[1] Mot. to Bifurcate, ECF No. 38. It seeks a ruling from this Court to permit it to first depose Plaintiff regarding only the factual issues material to its statute of limitations defense. It argues that "the likelihood that this matter will be disposed of after a preliminary deposition of Plaintiff" renders a bifurcated deposition economical and efficient. *Id.* at 1. Plaintiff opposes the motion. Pl.'s Resp., ECF No. 47. In his brief, Plaintiff argues that he would be prejudiced by a bifurcated deposition, that a bifurcated deposition would not save judicial resources, and that Defendant would not be prejudiced by this Court's denial of its motion. *Id.* at 1–2.

---

[1] Under Local Civil Rule 7.08 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." The Court finds a hearing is not necessary.

Both parties cite *Phillips v. United Parcel Service, Inc.*, 2009 WL 3247856 (E.D. Mich. 2009) in support of their position. The Rules require leave of this Court to depose a deponent who "has already been deposed in the case." Fed. R. Civ. P. 30(a)(2)(A)(ii); *see also* 8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2104 (3d ed. 2010) ("[T]he prime objective of the one-deposition provision in Rule 30(a) is to guard against imposing burdens on an individual deponent."). Because Plaintiff has not yet been deposed, an order to bifurcate and limit discovery to the statute of limitations issue is tantamount to an order for leave under Rule 30(a)(2)(A)(ii). The court in *Phillips*, which was considering a motion to bifurcate and limit discovery altogether, relied on the factors enumerated in Rule 26(b)(2)(C)(iii) of the Federal Rules of Civil Procedure. That rule requires the Court to:

> limit the frequency or extent of discovery otherwise allowed by these rules . . . if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

*Id.* Of course, rulings on issues related to discovery rest within the broad discretion of this Court. *See, e.g.*, *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 236–37 (4th Cir. 2004) ("We afford substantial discretion to a district court in managing discovery and review discovery rulings only for abuse of that discretion." (internal quotation marks omitted)).

After considering the above factors, the Court denies Defendant's motion. While the Defendant represents that it is willing to depose Plaintiff, a resident of New Jersey, by way of a telephone deposition, the Court sees no need to deviate from the default rules governing discovery and depositions. Def.'s Reply 2, ECF No. 49. Defendant notes that it is not seeking to bifurcate and limit discovery itself—only Plaintiff's deposition. It distinguishes itself from the defendant in *Phillips*, who was seeking to limit *all* discovery to evidence related to a statute of limitations

2

defense. However, if, as here, the parties are already engaged in discovery, the purpose for a deposition solely on the statute of limitations issues becomes increasingly unnecessary.

Plaintiff is an individual party. The one-deposition rule was promulgated to protect individuals from abuse related to excessive testimony. Given the alternative tools available to parties seeking evidence, the Court finds no basis to require Plaintiff to submit to multiple depositions, no matter how limited one of those depositions may be. As the court notes in *Phillips*, "[d]efendants may, of course, proceed in discovery in whatever manner they wish, and they may focus their resources accordingly." 2009 WL 3247856, at *1. Thus, after considering the Rule 26(b)(2)(C)(iii) factors, the Court cannot find Defendant has justified its request for a "preliminary" deposition on its statute of limitations defense.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's motion to bifurcate (ECF No. 38) is **DENIED**.

**IT IS SO ORDERED.**

                                                  s/ R. Bryan Harwell
                                                  R. Bryan Harwell
                                                  United States District Judge

August 29, 2013
Florence, South Carolina