IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Tarek El Hadidi, | ) Civil Action No.: 4:12-cv-00535-RBH |
|     Plaintiff, | ) |
| v. | ) **ORDER** |
| Intracoastal Land Sales, Inc., ABC-XYZ (a series of fictitious corporations), and John Does 1-10, jointly and severally, and individually, | ) |
|     Defendants. | ) |

Plaintiff Tarek El Hadidi filed this action in June 2011, seeking damages arising from representations made by Defendant Intracoastal Land Sales, Inc. related to the sale of two lots in a Myrtle Beach, South Carolina, development. Defendant moved to dismiss Plaintiff's claims on the basis that they were not filed within South Carolina's statute of limitations. This Court denied Defendant's motion. Defendant now moves to compel Plaintiff Tarek El Hadidi to produce all documents responsive to its discovery requests.[1] Mot. to Compel, ECF No. 39. Defendant describes Plaintiff's document production as "paltry" and notes the absence of documents Plaintiff mentioned he obtained in a statement in a declaration filed with the Court.[2] Def.'s Reply 1–2, ECF No 48.

---

[1] Under Local Civil Rule 7.08 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." The Court finds a hearing is not necessary.

[2] Specifically, Defendant quoted the statement from Plaintiff's declaration: "When I realized that Intracoastal was not living up to their word, I began investigating. In late 2008, I obtained documents indicating that they were seeking approvals to begin construction more than a year after they should have been 70% complete." Defendant represents that "Plaintiff has not produced these documents." Def.'s Reply 1, ECF No. 48.

Defendant also points to Plaintiff's discovery of documents *after* the parties held an informal telephone conference with the Court in an effort to resolve the dispute. *Id.* at 2.

The Court is troubled by Plaintiff's apparent cavalier attitude toward the discovery process in light of the seriousness of the claims he brings before this Court. Plaintiff contends he "has acted in good faith" and "will supplement production if additional documents are located." Pl.'s Resp. 1, ECF No. 46. Plaintiff, of course, is an individual, and the loss of documents over time is not beyond comprehension. It cannot be ignored, however, that duties to preserve evidence arise once a party reasonably foresees litigation. *See Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001) ("The duty to preserve material evidence arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation."). While the question of whether Plaintiff was duty-bound to preserve the absent discovery is not now before the Court, Plaintiff's apparent hesitancy to produce responsive documents is.

Accordingly, Plaintiff shall make every effort to locate the discovery responsive to Defendant's requests. Upon fifteen days after the issuance of this order, Plaintiff shall submit an affidavit to this Court, attesting, under penalty of perjury, that he has exhausted a comprehensive search for the responsive documents and has no more in his possession. The Court reserves its authority to impose proper sanctions upon a sufficient showing by Defendant that Plaintiff continues to withhold evidence in violation of this order or has failed to preserve evidence he was obligated to maintain. Those sanctions may include Plaintiff's inability to use the evidence in proving his case or the drawing of adverse inferences against him. *See* Fed. R. Civ. P. 37(b)(A); *Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 450 (4th Cir. 2004) ("[A]n [adverse] inference 'cannot be drawn merely from his negligent loss or destruction of evidence; the inference requires a

showing that the party knew the evidence was relevant to some issue at trial and that his willful conduct resulted in its loss or destruction.' " (quoting *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995))). Defendant's motion is, therefore, granted.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's motion to compel (ECF No. 39) is **GRANTED**. Plaintiff shall file an affidavit with the Court, as discussed above, no later than **SEPTEMBER 13, 2013**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

August 29, 2013
Florence, South Carolina

3